# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **DAVID M. WHITT**, Plaintiff, | Civil Action No. 2:13cv00002 |
| v. | **REPORT AND RECOMMENDATION** |
| **CAROLYN W. COLVIN**, **Acting Commissioner of Social Security,** Defendant. | By: PAMELA MEADE SARGENT UNITED STATES MAGISTRATE JUDGE |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 17) ("Motion"). Based on the reasoning set out below, I recommend that the court grant the Motion.

David M. Whitt filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, upon the Commissioner's motion to remand, by order entered October 22, 2013, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 15.) Counsel for Whitt now has filed a petition seeking approval of a fee of $2,940.74 for representing Whitt in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 17.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request

1

for a fee or to the amount requested. (Docket Item No. 19.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Whitt's counsel has not provided the court with any fee agreement in this case, but has provided the court with a copy of the Social Security Administration's April 15, 2014, Notice of Award Letter, which states that Whitt was due $67,138.00 in past-due benefits and that it had withheld $16,784.50, or 25 percent, from Whitt's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 17-1). The Notice of Award Letter also indicates that, pursuant to a fee agreement, counsel could not charge Whitt more than $6,000.00 for his representation of him.[1] (Docket Item No. 17-1.)

---

[1] Although counsel did not file a copy of the fee agreement with the Motion, the undersigned located an October 21, 2009, agreement between Whitt and counsel entitled "Fee Approval Prior To The Issuance Of A Decision," in which it was agreed that if the SSA favorably decided Whitt's claim, counsel's fee would be the lesser of 25 percent of all past-due benefits awarded to him and his family or $6,000.00 *See* Civil Action No. 2:13cv00002 (Docket Item No. 10-1 at 95.)

2

Case 2:13-cv-00002-JPJ-PMS   Document 20   Filed 10/01/14   Page 2 of 7   Pageid#: 819

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Whitt's counsel has supplied evidence that shows that a total of 20.25 hours was spent in representing Whitt in this court. Counsel noted that 11 hours of attorney time and 8.75 hours of paralegal time were spent on Whitt's case in this court.[2] However, counsel did not delineate which tasks were performed by counsel and which were performed by paralegals. Counsel also has not suggested an appropriate hourly fee for either the attorney's services or paralegal services rendered in this case.

The court notes that "it is not proper to award a full attorney rate for

---

[2] The undersigned notes that the combined attorney hours and paralegal hours cited by Whitt's counsel do not total the 20.25 hours for which he seeks a fee of $2,940.74.

3

activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel claims 3.00 hours of time for preparation of the Complaint, Summons and Civil Cover Sheet and 1.00 hour of time for electronically filing the same with this court. I recommend that the court allow .75 hour of nonattorney time for these activities combined. Counsel claims .25 hour of time for filing the IFP Motion. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims 1.00 hour of time for electronically filing the Complaint and Summons to General Counsel and the United States Attorney. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for filing the consent to Magistrate Judge jurisdiction. I, again, recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .50 hour of time for receipt of confirmation of completion of service for each party. I

4

recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for filing the completion of service with the court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .25 hour of time for receipt of the Answer and Administrative Transcript. I recommend that the court allow .25 hour of attorney time for this. Counsel claims .25 hour of time for receipt and review of the Briefing Notice. I recommend that the court allow .25 hour of attorney time for this. Counsel also claims 8.00 hours of time for preparation of the Brief. I recommend that the court allow 5.00 hours of attorney time and 3.00 hours of nonattorney time for this. Counsel claims 1.00 hour of time for electronically filing the Brief with this court, General Counsel and the United States Attorney. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .50 hour of time for receipt and review of the Motion to Remand. I recommend that the court allow .25 hour of attorney time for this. Counsel claims 1.00 hour of time for receipt and review of the Judgment Order. I recommend that the court allow .25 hour of attorney time for this. Counsel also claims 3.00 hours of time for preparation of the Motion for work performed before this court. I recommend that the court allow 1.00 hour of attorney time and .50 hour of nonattorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 7.00 hours of attorney time and a total of 5.75 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $431.25 of the requested fee would be payable for nonattorney time. That

5

Case 2:13-cv-00002-JPJ-PMS   Document 20   Filed 10/01/14   Page 5 of 7   Pageid#: 822

would leave $2,509.49 for counsel's time, which, if paid for the remaining 7.00 hours of work, would result in a payment of approximately $358.50 per hour. While I cannot, in good conscience, find that such a fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Whitt's fee agreement, which allowed for the payment of the lesser amount of 25 percent of past-due benefits or $6,000.00. Here, 25 percent of Whitt's past-due benefits amounts to $16,784.50. Therefore, under the terms of the fee agreement, counsel cannot charge Whitt more than $6,000.00 for an attorney's fee. The amount requested is almost $3,060.00 less than the $6,000.00 cap on attorney's fees in this case. There is no evidence that counsel's actions contributed to a delay allowing an accumulation of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Lastly, as alluded to above, the requested fee falls beneath the statutory 25 percent cap. Considering these things, I find that a total fee of $2,940.74 is reasonable for the attorney's services before this court, and I recommend that the court award the requested attorney's fee in the amount of $2,940.74.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $2,940.74.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2014):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: October 1, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE